UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION


UNITED STATES OF AMERICA       )

                                      )

v.                                  )        No. 2:05-00003

                                      )        JUDGE CAMPBELL

YOUNG MOON                   )


## ORDER

Pending before the Court are a letter from the Defendant, dated March 29, 2012 (Docket No. 409), the Government's Response (Docket No. 411) to that letter, the Defendant's Motion For Grounds For Relief From A Final Judgment, Order, Or Proceeding By The Following Reasons: Newly Discovered Evidence, Misrepresentation, And The Concealment Of Evidence By Judicial Discretion Under Rule 60(b) (Docket No. 415), and the Government's Sur-Reply To Moon's Brief On Her Rule 60(b) Motion (Docket No. 416).

The Defendant was sentenced by this Court on April 24, 2006 (Docket Nos. 288, 289, 290). On direct appeal, the Sixth Circuit affirmed the Judgment on January 16, 2008 (Docket No. 349), and the Supreme Court denied Defendant's petition for writ of certiorari on May 19, 2008 (Docket No. 373). The Defendant filed a collateral proceeding under 28 U.S.C. § 2255 seeking to vacate the conviction and sentence on May 14, 2009 (Docket No. 1 in Case No. 2:09-0060). This Court denied the Defendant's Section 2255 request for relief on January 29, 2010 (Docket Nos. 34, 35 in Case No. 2:09-0060). On appeal, the Sixth Circuit affirmed the dismissal on November 22, 2011 (Docket No. 39 in Case No. 2:09-0060), and the Supreme Court denied Defendant's petition for writ of certiorari on May 14, 2012 (Docket No. 42 in Case No. 2:09-0060).

In addition to the criminal proceeding, the United States brought a civil action against the Defendant under the False Claims Act to recover damages and other relief for false medical reimbursement claims. (Docket No. 1 in Case No. 3:06-0406). The Court awarded judgment against the Defendant on June 17, 2008 (Docket Nos. 53, 54 in Case No. 3:06-0406).

Through her pending filings, the Defendant apparently seeks to vacate the judgments in both the criminal case (Case No. 2:05-00003), as well as the False Claims Act case (Case No. 3:06-0406), relying on Federal Rule of Civil Procedure 60(b). The Defendant has not cited any authority indicating that Rule 60 provides a basis for voiding a judgment in a *criminal* case. In any event, however, Defendant's filings do not satisfy the requirements of the rule as to the judgments in either case.

Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Subsection (c) of Rule 60 provides that a motion under Rule 60(b) "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The judgments the Defendant seeks to vacate were entered over a year prior to the Defendant's initial request on March 29, 2012 (Docket No. 409). Therefore, Defendant's request for relief under Rule 60(b)(1) (mistake), (b)(2) (newly discovered evidence), and (b)(3) (misrepresentation) is untimely.[1] See Kalamazoo River Study Group v. Rockwell Intern. Corp., 355 F.3d 574, 587 (6th Cir. 2004).

To the extent the Defendant seeks relief under subsection (b)(6) (any other reason),[2] the Supreme Court has held that in order to obtain relief under this subsection, a movant must show "extraordinary circumstances" justifying the reopening of a final judgment. See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005). The Defendant argues that the judgments should be reopened based on the following grounds: (1) the testimony of Special Agent Robert Turner and Amgen representative Robert Murphy regarding the amount of overfill in vials of Procrit conflicts with information obtained from Amgen, the maker of Procrit, in other litigation; (2) the testimony of the nurses who worked for the Defendant was false; (3) "rounding" in administering chemotherapy drugs is an accepted practice and the testimony at trial to the contrary was false; (4) there were various conflicts in the testimony and evidence; (5)

---

[1] Even if the request were timely, however, the Court concludes that the Defendant's submissions do not satisfy the requirements of these subsections for the reasons set forth herein.

[2] The Defendant has not suggested any basis for invoking Subsections (b)(4) (void judgment) or (b)(5) (satisfied judgment).

the testimony of the Government's expert witness included misrepresentations and was otherwise insufficient; (6) the search of Defendant's clinic was unconstitutional, and statements were unconstitutionally obtained from the Defendant; (7) Defendant's insurance carrier has not paid out any money on malpractice claims against her within the last five years; and (8) trial counsel was ineffective. The Defendant has also filed numerous exhibits in support of her arguments.

Having reviewed Defendant's submissions, the Court concludes that most of the Defendant's arguments have been made and addressed in the various proceedings identified above, and that none of her arguments or submissions demonstrate "extraordinary circumstances" that would justify vacating the judgments against her. Accordingly, Defendant's request for relief under Rule 60 is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE